September 4, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 10 2015

Abel Acosta, Clerk

Abel Acosta, Clerk
Court of Criminal Appeals
Post Office Box 12308
Austin, Texas   78711-2308

Re: <u>Trial No. W11-52654-Y(B)</u>

Writ No. _____

Dear Mr. Acosta:

Please file the enclised objection. The trial court stated they were forwarding their findings within three working days.

Thank you for presenting this to the Court.

Sincerely,

Gonzalo Hernandez
Gonzalo Hernandez, #1801383
Polunsky Unit
3872 Fm 350 South
Livingston, Texas      77351

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

EX PARTE

§
§
§            Trial Court No. W11-52654-Y(B)
§
§            Writ. No. _____
§
GONZALO HERNANDEZ                       §

APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S ORDER
FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED
FACTUAL ISSUES REQUIRING A HEARING.

Applicant strenuously objects to the trial court's finding stating that there are no factual issues requiring a hearing. In his subsequent habeas corpus application Applicant was very careful to closely follow the rules governing subsquent writ applications.

On Octoter 14, 2014, Applicant filed his original habeas corpus application alleging three instances of ineffective assistance of counsel. The writ was denied on April 15, 2015.

When Applicant received a copy of his counsel affidavit in December 2014, alerting Applicant that the jury did not believe a single word of testimony from the child complainant, and that the jury convicted Applicant solely on the basis of his confession, this unleashed a host of Constitutional error that Applicant presented in his second habeas corpus application.

At the time Applicant filed his original application there was no way for him to know information former counsel Bruse Anton

revealed in his December 11, 2014 Affidavit. And even if Applicant was somehow deliquent, his pleadings are still protected under Article 11.07 § 4, because "but for Constitutional error, no rational jury would have found applicant guilty beyond a reasonable doubt."

All twelve jurors in Applicant's [did not] believe the child complainant (so there is reasonable doubt), but the jury did state that they convicted solely on Applicant's non-judicial confession. See counsel's Affidavit, Exhibit A.

If jury did not believe the live testimony of the complainant, then the State of Texas [did not] prove guilt beyond a reasonable doubt to meet Due Process requiredments. And if the Court really looks, they would be hard-pressed to find that the jury convicted Applicant of any offense as alleged in the indictment.

Accordingly, Applicant now prays that this Honorable Court will not adopt the findings of the trial court but instead remand for further findings.

Respectfully Submitted


*Gonzalo Hernandez*
Gonzalo Hernandez, #1801383
Polunsky Unit
3872 Fm 350 South
Livingston, Texas    77351


Executed: September _4_ , 2015.


-2-